IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRECKEN CLARK                                                  PLAINTIFF

vs.                                Civil No. 2:15-cv-02100

CAROLYN W. COLVIN                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brecken Clark ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

On July 20, 2012, Plaintiff filed his disability application. (Tr. 15, 131-135). In this application, Plaintiff alleges being disabled due to bipolar disorder and a prior attempt at suicide. (Tr. 158). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 74-76).

Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 93-97). This hearing request was granted, and an administrative hearing was held on April 11, 2013 in Fort Smith,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Arkansas. (Tr. 31-73). At this hearing, Plaintiff was present and was represented by Jennifer DeShawn. *Id.* Only Plaintiff testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-two (32) years old, which qualifies as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 34). As for his education level, Plaintiff also testified he had completed high school. *Id.*

On November 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-26). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 20, 2012, his application date. (Tr. 17-18, Finding 1). The ALJ determined Plaintiff had the following severe impairments: affective disorder, mood disorder, drug abuse, personality disorder, and anxiety disorder. (Tr. 18, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20-23, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorder, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but that he has nonexertional limitations. The claimant has mild limitation in the ability to understand, remember and carry out simple instructions and moderate limitation in the ability to make judgments on simple work-related decisions and understand, remember and carry out complex instructions. He has marked limitation in the ability to make judgments on complex work-related decisions, interact appropriately with the public, supervisors and coworkers and respond appropriately to usual work situations and to changes in a routine work setting.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 23, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-26, Findings 9-15). The ALJ first assessed whether Plaintiff could perform other work, considering his substance use disorder. (Tr. 23-24, Finding 9). Considering his substance use disorder, the ALJ determined there were "no jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.*

The ALJ then assessed whether Plaintiff could perform other work existing in significant numbers in the national economy if he stopped his substance use. (Tr. 24-26, Finding 15). In considering this issue, the ALJ sent post-hearing interrogatories to Vocational Expert ("VE") Debra Steele. (Tr. 235-239). Based upon her responses to these interrogatories, the ALJ determined Plaintiff retained the capacity to perform many different occupations, including the following: (1) bus person with 1,134 such jobs in Arkansas and 219,256 such jobs in the nation; (2) hand packer with 1,517 such jobs in Arkansas and 163,170 such jobs in the nation; and (3) store laborer with 2,548 such jobs in Arkansas and 96,653 such jobs in the nation. (Tr. 25-26).

Because Plaintiff could perform this other work if he stopped his substance use, the ALJ found Plaintiff's substance use disorder was a contributing factor material to the determination of disability. (Tr. 26, Finding 16). Further, because Plaintiff's substance use disorder was a contributing factor material to the determination of disability, the ALJ determined Plaintiff had not been under a disability at any time from the date his application was filed through the date of the ALJ's decision or through November 12, 2013. (Tr. 26, Finding 16).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 7). On March 25,

3

2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On May 21, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 1, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) he received inadequate notice of his hearing which denied him Due Process under the 5th Amendment to the U.S. Constitution; (B) he was prejudiced because the ALJ's notice was deficient and "violated numerous regulations and procedures within Social Security"; (C) the ALJ erred in finding his "alleged drug abuse was a contributing factor material to disability"; and (D) the ALJ erred by failing to fully and

fairly develop the record. ECF No. 9 at 8-19. In response, Defendant claims Plaintiff has supplied no basis for reversal in this matter. ECF No. 10. The Court will consider each of these arguments for reversal.[2]

### A.  Notice of the Hearing

Plaintiff claims the ALJ "considered issues outside the scope of the Notice of Hearing" which resulted in "effectively denying the Plaintiff the opportunity to object and be heard, and an opportunity to adequately prepare for his hearing." ECF No. 9 at 8-14. Plaintiff's only argument on this issue is that the ALJ did not include in the hearing notice that he would consider "whether a substance abuse disorder was a contributing factor material to the determination of disability." *Id.* Plaintiff claims he first learned of this issue after the hearing itself, and the ALJ's failure to notify Plaintiff before the hearing in this matter amounted to deficient notice under the Fifth Amendment. *Id.* Plaintiff also argues the ALJ's failure to provide notice on this issue violates Social Security's internal regulations. *Id.*

Upon review, the Court finds this issue is entirely without merit. As Plaintiff himself notes, the notice included a statement of the legal standard to be followed: "The ALJ will consider whether you are disabled under *section 1614(a)(3) of the act*." (emphasis added). This provision is codified in 42 U.S.C. § 1382c (2004). Under 42 U.S.C. § 1382c(a)(3)(J), the Act clearly states that "an individual shall not be considered to be disabled for purposes of this subchapter *if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.*" (emphasis added). This provision clearly notifies Plaintiff of the issues to be addressed at this hearing, and there is no basis for reversal

---

[2] However, because Plaintiff's first and second arguments both address the hearing notice, the Court will address these arguments together under "A."

on this issue.[3]

### B.　　Disability Determination

Plaintiff claims the ALJ erred in finding his "drug use was a contributing factor material to the determination of disability." ECF No. 9 at 14-17. Plaintiff claims the ALJ had no clear basis for making this determination but merely speculated that Plaintiff's drug use was a contributing, material factor. *Id.* In response, Defendant claims there was a sufficient basis for finding Plaintiff's drug use was a contributing factor material to the disability determination, and Plaintiff's case should be affirmed. ECF No. 11 at 6-8.

As an initial matter, the Court notes that the burden of proving that alcoholism or drug addiction *was not* a contributing factor material to the disability determination falls on Plaintiff. *See Fastner v. Barnhart,* 324 F.3d 981, 984 (8th Cir. 2003). In this case, Plaintiff admitted at the hearing in this matter that he continued to abuse drugs. (Tr. 65-66). Plaintiff admitted during his consultative examination on December 5, 2011 that he "smoked it [marijuana] on a daily basis" and reported smoking it about "1-2 times per day." (Tr. 282). Two years later, on May 22, 2013, Plaintiff again admitted to smoking from 1 to 1 ½ "joints a day, depending on the quality." (Tr. 379). As a part of this evaluation, the examining psychologist noted Plaintiff's drug use likely impacted his daily functioning. (Tr. 376).

Thus, clearly the ALJ's decision that drug use impacted Plaintiff's ability to work was supported by the record. In his appeal brief, Plaintiff supplies no basis for his argument that his drug

---

[3] Furthermore, Plaintiff was the one who raised the issue of drug use at the hearing. (Tr. 65-66). He testified as follows: "Now for you guys to understand that I've never done meth, I'm going to sit here. And I'm going to say, I've done marijuana. I've done mushrooms. I have put a tiny line of cocaine on my tongue. I have–I've done some drugs." *Id.* When the ALJ asked Plaintiff if he still does drugs, Plaintiff responded that the "only thing in the past two years or so that I've participated in is the marijuana" because he does not "consider that to even be a drug." (Tr. 66).

use *was not* a contributing factor. ECF No. 9 at 14-17. Thus, Plaintiff has not met his burden of proving it was not a contributing factor, and the Court finds no basis for reversal on this issue.[4]

### C.     Record Development

Plaintiff claims the ALJ erred in developing the record in his case. ECF No. 9 at 17-18. Upon review of Plaintiff's claim and Defendant's response, the Court finds the record in this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is nearly 400 pages long. This transcript includes Plaintiff's treatment records and consultative examination reports. (Tr. 251-383). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, apart from a bare claim on this matter, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 9 at 17-18. Indeed, in this case, there is undisputed evidence of Plaintiff's drug use, Plaintiff's lack of motivation to work, and the likelihood Plaintiff's drug use would "likely" impact his daily functioning.

After reviewing this evidence and all of the other evidence in the record, the ALJ reached the conclusion that Plaintiff's drug use was a contributing factor material to the disability determination. Plaintiff has not demonstrated this drug use *was not* a contributing factor. Thus, the Court finds

---

[4] It is worth noting also, based upon the Court's review of the transcript in this matter, Plaintiff appears to have no desire to work, especially jobs that are beneath him. (Tr. 57-58). Plaintiff testified at the administrative hearing in this matter that he would not have the pride to do a job at McDonald's because it is a "demeaning job." *Id.*

8

Plaintiff has not made the showing required for a remand in this action to further develop the record, and there is no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of February 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE